# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2023

Lyle W. Cayce
Clerk

_____

No. 23-30130

_____

Richard's Clearview LLC,

*Plaintiff—Appellee*,

*versus*

Starr Surplus Lines Insurance Company,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2326

_____

Before Graves, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Richard's Clearview LLC sued Starr Surplus Lines Insurance Company in Louisiana state court over an insurance dispute. Starr removed the case to federal court, alleging diversity of citizenship. After the district court dismissed the case on other grounds, Clearview presented evidence of the lack of diversity of citizenship between the parties and accordingly filed a motion for vacatur under Federal Rule of Civil Procedure 60(b)(4). The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30130

district court granted the motion, denied Starr's request for jurisdictional discovery, and remanded the case to state court. Starr appealed the judgment. We now affirm for the reasons given by the district court in its opinion.

A judgment issued in a diversity case is a "paradigmatic" void judgment under Rule 60(b)(4) if it is later discovered that the parties are in fact not diverse. *See Mitchell Law Firm, L.P. v. Bessie Jeanne Revocable Trust*, 8 F.4th 417, 420 (5th Cir. 2021). And that is exactly the case here.

Starr is a corporation incorporated in Texas with its principal place of business in New York.[1] This makes it a citizen of Texas and New York for diversity purposes. 28 U.S.C. § 1332(c)(1). Clearview is a limited liability company, and two of its members turn out to be Texas citizens. A limited liability company takes the citizenship of all its members, *see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019), so Clearview is a citizen of Texas for diversity purposes. Accordingly, there is no diversity jurisdiction in this case under 28 U.S.C. § 1332(a). Once that became clear, the district court correctly held that it had a "total want of jurisdiction," *Richard's Clearview LLC v. Starr Surplus Lines Ins. Co.*, No. 22-CV-2326, 2023 WL 1778943 at *2 (E.D. La. Feb. 6, 2023) (quoting *Callon Petrol. Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)), and vacated its prior order accordingly.

The district court did not abuse its discretion by denying Starr jurisdictional discovery. We will disturb a discovery decision "only if it is

---

[1] On appeal, Starr states multiple times that it is incorporated in New York and has its principal place of business in Texas. This is at odds with what it alleges in the initial notice of removal and what the district court states in its opinion. The discrepancy is ultimately immaterial, because the corporation is a citizen of both for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

arbitrary or clearly unreasonable." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005) (citing *Mayo v. Tri-Bell Inus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). The district court's refusal to let Starr conduct discovery on Clearview's members' citizenship was neither. Having considered evidence of the Texas members' residence and activities, the district court concluded both were Texas citizens. Given this evidence, it was reasonable to determine, as the district court did, that further discovery was unnecessary.

Federal courts are courts of limited jurisdiction. Without jurisdiction, a court "cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a want of jurisdiction becomes apparent, the court must dismiss the cause. *See id.* And when it becomes apparent following a judgment that the rendering court lacked jurisdiction to issue it, that judgment is void. *See Mitchell*, 8 F.4th at 420. The district court issued a void judgment. It was appropriate to vacate that judgment. Accordingly, we affirm.